Mr. Justice STRONG
 

 delivered the opinion of the court.
 

 We are unable to discover error in the instructions given to the jury by the court below, or in the answers made to the prayers of the defendants, except in a single particular. What the court said may have been inadequate to a full presentation of the case, but the plaintiff asked for no instructions, and he cannot therefore no\v be heard to complain that full instructions were not given. The bills of exceptions bring upon the record only that which was said to the jury, and to that alone can error be assigned.
 

 It is quite true that the suit was not brought upon any contract. The theory of the plaintiff was that no agreement had ever been made, and that the defendants had never intended making one, though all the while during the negotiation, deceptively and fraudulently holding out to the plaintiff a profession of intention to conclude an agreement, and that this was done with the purpose of keeping the plaintiff’s “ cotton-tie ” out of the market. The answers to the defendants’ prayers, so far as they tend to show that no contract had been concluded were, therefore, favorable rather
 
 *463
 
 than hurtful to the plaintiff’s case, and they furnish no just ground for complaint.
 

 The court, however, erred in charging the jury that if they believed “ the corporation never gave any authority to the defendant, Watkins, to assent to the proposal, or draft agreement, in their behalf, and in their name, and never sanctioned the same as a corporate act, the suit could not be maintained against them.” If by this it was meant that no suit upon the contract could be maintained; the instruction was correct, but this could not have been so understood by the jury. No such question was before them. It does not follow, because the corporation never authorized or sanctioned a contract, that they may not be responsible for such a fraud as was alleged in the petition. We have not all the evidence before us, but it does appear that some evidence was given tending to show that the acts aiid conduct of the defendants (Watkins and the corporation), were deceitful and fraudulent, designed to mislead, and done for the purpose of keeping the plaintiff’s cotton-tie out of the market, in order that they might secure heavy sales of the Beard tie, in which they were largely interested. If the evidence did establish or tended to establish such deceit and fraud, for such a purpose, and if the plaintiff was injured thereby, as his petition alleged, it was erroneous to charge the jury that the suit could not be maintained. Competition in efforts to secure the market is doubtless lawful. A manufacturer may by superior energy, or enterprise, supply all the buyers of a particular article, and thus leave no market for similar articles manufactured by others. But he may not fraudulently or by deceitful representations induce another to withhold from sale his products without being answerable for the injury occasioned by the fraud. Whether negotiations for a purchase never concluded were in fact fraudulent; whether they were commenced and continued solely with the purpose of dishonestly inducing the plaintiff' to forego offering his goods until the market had been supplied, and whether such was the consequence of the defendants’ fraudulent conduct, were questions of fact which should have been sub
 
 *464
 
 mitted to the jury on the evidence. If answered affirmatively, the action was sustainable. ■ In order to maintain an action for fraud it is sufficient to show that the defendant was guilty of deceit, with a design to deprive the plaintiff of some profit or advantage, and to acquire it for himself, whenever loss or damage has resulted from the deceit. This was well illustrated in
 
 Barley
 
 v.
 
 Walford.
 

 *
 

 There it appeared that a plaintiff, who was a dealer in silk goods, had been hindered in his trade and induced to refrain from making goods with a certain ornamental design, by a false representation made by the defendant, and known by him to be false, that a pattern of the goods had been registered by another, and it was ruled that an action would lie to recover damages for the injury, especially when the deceit was with a view to secure some unfair advantage to the defendant.
 

 We think also the court erred in refusing to receive in evidence the defendants’ letters to Wailey in connection with Wailey’s testimony. It was an important inqiiiry in the case, what was the purpose or animus of the defendants in their negotiations with the plaintiff? Was it to mislead him by holding out false hopes of consummating an arrangement by which his cotton-tie could be introduced into the market, and was this in order to secure the defendants themselves against competition ? Deceit in effecting such a purpose lay at the basis of the action. But how can éuch a purpose be shown when it has not been avowed ? Actual fraud is always attended by an intent to defraud, and the intent may be shown by any evidence that has a tendency to persuade the mind of its existence. Hence, in actions for fraud, large latitude is always given to the admission of evidence. If a motive exist prompting to a particular line^ of conduct, and it be shown that in pursuing that line a defendant has deceived and defrauded one person, it may justly be inferred that similar conduct towards another, at about the same time, and in relation to a like subject, was actuated by the same spirit. If therefore it be trué that in
 
 *465
 
 the spring or early summer of 1868 the defendant had similar negotiations with "VVailey respecting his cotton-tie, and conducted towards him deceitfully in order to keep his tie out of the market that year, the fact tends to show that in their conduct towards the plaintiff, there was the same animus, and that they had the same object in view. That the evidence offered was admissible for that purpose is abundantly proved by the authorities.
 
 *
 

 Judgment reversed and a new trial ordered.
 

 *
 

 9
 
 Adolphus & Ellis, N. S. 197.
 

 *
 

 Castle
 
 v.
 
 Bullard, 23 Howard, 172 ; Lincoln
 
 v.
 
 Claffin, 7 Wallace, 132.