# FIRST DISTRICT, DECEMBER, 1892.

### THOMAS DWYER v. B. H. BASSETT, SURVIVING PARTNER.

#### No. 39.

**1. Evidence of Deceased Witness.**—The evidence of a deceased witness may be reproduced, by reading it from a statement of facts, agreed to and approved by the presiding judge, if the party offering it proves the death of the witness since the former trial of the case, and proves further, that the testimony given by the witness upon the former trial was in substance the same as that found in the statement of facts.

**2. Case Qualified.**—In the case of Dwyer v. Rippetoe, 72 Texas, 520. there was no proof of the correctness of the statement of facts.

**3. Hearsay Evidence.**—Conversations between the witness, a banker, and his cashier, relative to the amount of money paid the witness by defendant, occurring several hours after the payment was made, and not in the presence of the defendant, is hearsay and not admissible as res gestæ. No part of this conversation was evoked by or explanatory of the transaction between the witness and the defendant. and it was error to admit it.

**4. Weight of Evidence.**—The following charge was held correctly given: " When it is said in the charge that the burden of proof as to particular facts is on this or that party, and that the fact must be shown by a preponderance of evidence, it is not meant that such party is required to produce a greater number of witnesses than his adversary, but only that the fact shall reasonably appear by the greater weight of such testimony as may seem to you most worthy of credit under all the facts and circumstances of the case."

**5. Evidence Admissible when Fraud Charged.**—The suit being to recover a balance of $500, alleged to be due plaintiff, and damages for the fraud and deceit of defendant in paying his debt with an uncounted roll of money alleged to contain $1000, but in fact only containing $500, and thus obtaining the surrender of valuable securities, evidence that on other occasions and to other parties defendant had in like manner attempted to pay other claims, and that the uncounted roll of bills given in payment had afterward been discovered

to be too little, is admissible, if the fact that the roll of money paid by defendant to the plaintiff contained less than $1000 is established by other evidence. The rule is well established, that when scienter and motive are involved, it is competent to show a series of similar acts by the defendant who is charged with guilty knowledge of fraudulent intent.

APPEAL from Washington. Tried below before Hon. T. S. REESE, Special Judge.

The facts will be found in the report of the former appeal, in 63 Texas, 274–286.

*Searcy & Garrett*, for appellant.—1. The court erred in permitting the plaintiff, over objection, to read from a statement of facts made up at a former trial of this case what purported to be the testimony of Jefferson Bassett, given upon such former trial, the said Bassett having since died, because the testimony of a deceased witness could not be reproduced in this way. Dwyer v. Rippetoe, 72 Texas, 532, 533; Reid v. Reid, 14 Pac. Rep., 782, 783; 1 Whart. Ev., sec. 180; 1 Phill. Ev., 4 Am. ed., 586, note 170; Whart. Crim. Ev., sec. 231.

2. A conversation between two parties that is to affect a third party, had in the absence of the third party, is hearsay as to said third party, and can not be used as evidence against him. Shiner v. Abbey, 77 Texas, 1, 2; Tucker v. Hamlin, 60 Texas, 171; Cleveland v. Duggan, Ct. App. C. C., sec. 85; Railway v. Crowder, 70 Texas, 226; Ins. Co. v. Mosby, 8 Wall., 409–412.

3. The court erred in its charge asked by the plaintiff, wherein it attempts to define what is meant by a preponderance of the evidence, because the charge infringes on the province of the jury and is upon the weight of the evidence. Railway v. Murphy, 46 Texas, 356; Sparks v. Dawson, 47 Texas, 138; Railway v. Chapman, 57 Texas, 75; Dwyer v. Bassett, 63 Texas, 274; Shattuck v. McCartney, 1 Ct. App. C. C., sec. 558.

*Bassett, Seay & Muse*, for appellee.—1. It was competent to read the testimony of the deceased witnesses from the statement of facts made up on the former trial, after showing its substantial correctness by witnesses who had heard the testimony delivered. 1 Greenl. Ev., sec. 166, and notes; 1 Whart. Ev., secs. 177, 520, 524; Davis v. Klein, 9 S. W. Rep., 724, 725.

2. The testimony of the witness Bassett of his conversations with his cashier was admissible as part of the res gestæ. McGowen v. McGowen, 52 Texas, 657, 663, 664; Lewy v. Fischl, 65 Texas, 311, 318.

PLEASANTS, ASSOCIATE JUSTICE.—This is the second appeal prosecuted by the defendant in this case from the judgment of the lower court. The decision upon the former appeal is reported in 63 Texas, 274–286.

The appellee has upon this appeal also assigned error, which he asks to be considered, in case the appeal by the defendant be sustained.

The first assignment of error is to the judgment sustaining the plaintiff's exceptions to the defendant's plea to the jurisdiction of the court, but as the transcript does not contain the exceptions to the plea, we are unable to determine whether there be error or not in the judgment sustaining the exceptions. Under such circumstances we must presume that the exceptions were correctly sustained. Every intendment is in favor of the ruling of the court.

The second and third assignments impugn the action of the court in permitting the plaintiff, over defendant's objection, to read in evidence from a statement of the facts, made up by the attorneys and approved by the judge, upon the former appeal of this case, what purported to be the testimony of the deceased witnesses Jefferson Bassett and George B. Robertson. The plaintiff having proved the death of these witnesses, and having next proved by counsel for the defendant that the testimony of these witnesses, given on the former trial, was, in substance, the same as that found in the statement of facts, the court, over the objection of the defendant, that the testimony of a deceased witness can not be reproduced by reading from a statement of facts, agreed to and approved by the judge presiding, for the purposes of an appeal, permitted the plaintiff to read the testimony, and in this we think there was no error. Whart. Ev., secs. 177, 24; Davis v. Klein, 9 S. W. Rep., 724, 725. In the case cited by counsel for appellant in support of his objections to the testimony, the case of Dwyer v. Rippetoe, 72 Texas, 522, 523, there was no proof of the correctness of the statement of facts from which it was proposed to read the testimony of a deceased witness.

Neither the counsel for plaintiff or defendant, nor the judge who tried the case, could say that the testimony of the deceased witness was correctly reported in the statement of facts from which counsel proposed to read.

The court, we think, committed an error in admitting in evidence, over the objection of appellant, that portion of the testimony of the witness Bassett in which the witness relates a conversation between himself and his cashier, relative to the amount of money paid to witness by defendant, such conversation having been had several hours after the payment had been made, and at a time when the defendant was not present; such testimony, we think, is clearly hearsay, and should not have been admitted.

We know of no rule of law under which this conversation could be held to be evidence in this case. The position of counsel for appellee, that the conversation was a part of the res gestæ, and therefore legitimate, is not, in our opinion, tenable. The conversation between the witnesses Bassett and Robertson, had in the afternoon, consisted of declara-

tions by the former, " narrative" of what occurred in the morning when the money was paid him by the defendant, and questions put and suggestions made to him by Robertson. No part of this conversation, as we think, can be said to be a declaration evoked by and explanatory of the transaction had by the witness Bassett with the defendant, and therefore can not be any part of the res gestæ. We are not able to say that this conversation did not have weight with the jury. What weight this testimony may have had we know not, and the case must therefore be reversed and remanded.

The objection of the appellant to the charge of the court which explains to the jury what is meant by the expression " weight of evidence," is not good, in our judgment. The explanation of the term is correct, and we can not say that the instruction should not have been given.

The appellant's sixth and last assignment of error we do not care to discuss. Upon the trial of this cause, the plaintiff's counsel, having previously interrogated the defendant as to the payment of money made by him to H. C. McIntyre, Jr., about the first of October, 1883, the day preceding the transaction with the plaintiff, and a payment made by him to N. E. Dever, the sheriff of Washington County, in December, 1884, proposed to prove by these witnesses the following facts: By witness McIntyre, that the defendant was indebted to the Houston & Texas Central Railway Company on a bill of freight amounting to about $200, and that defendant came into the office of witness, he being the agent for the railway, and placed upon witness' desk a roll of money, which defendant averred contained $200, but which, in fact, contained only $180; that witness discovered the shortage after the defendant had left the office, but before he had finished taking his freight from the depot, and witness immediately called on the defendant and demanded that he make good the shortage, which defendant did after some hesitation. Several persons were present when this occurred, and in their presence the witness counted the money; that witness was busy at the time the roll of money was placed with him by defendant, and defendant was also in a hurry in making the payment and hauling off his freight. By the witness Dever, that in December, 1884, in making payment of a lot of goods sold to him by witness at attachment sale, the purchase amounting to over $2000, defendant tendered to witness four packages of money which he represented to contain $500 each; said tender was made late in the evening, and at a time when witness was very busy winding up the sales and other transactions of the day, and matters were in some confusion. Upon counting up the bills in said packages, one of them was found to contain only $380, to-wit, 38 bills of $10 each. The other three packages contained each $500. Upon witness calling defendant's attention to the fact that there was a deficit of $120 in one of the packages, he stated in explanation that one of his boys had taken out of the package some money to pay for some

cotton, and that he (defendant) had forgotten the circumstance. This evidence, when offered by plaintiff, was objected to by defendant, on the ground that the same was incompetent and irrevelant, and not proper matter of cross-examination or impeachment, and the objections were sustained and all of the evidence excluded, to which ruling of the court the plaintiff excepted, and upon appeal assigns the exclusion of this evidence as error.

The object of plaintiff's suit is not only to recover the alleged balance due plaintiff from defendant, but also to recover exemplary damages for the alleged fraud and deceit practiced upon plaintiff by defendant; and to sustain the charge of fraud, plaintiff must not only show by a preponderance of evidence that the roll of notes delivered to him contained less money than the defendant represented it to contain, but it must be further proved that defendant knew his representation so made to plaintiff to be false, and that it was made for the purpose of deceiving and defrauding the plaintiff. While the excluded evidence was not admissible to show that the roll contained less than $1000, if this fact be established by other evidence then the excluded evidence would be admissible as tending to show that defendant knew that to be a fact when he delivered the roll, and falsely represented it to contain $1000. We think the rule is well established, that when scienter and motive are involved, it is competent to show the commission of a series of similar acts by the defendant who is charged with guilty knowledge or fraudulent intent.

The judgment of the lower court is reversed, and the cause remanded for another trial, in accordance with the rules of law enunciated in this opinion.

*Reversed and remanded.*

Delivered December 1, 1892.

Justice GARRETT did not sit in this case.