JOHN SALDUMBEHERE V. E. J. HADLOCK.

Decided November 23, 1898.

**1. Consideration of Note Given for Insurance Premium.**

Where an insurance policy is issued subject to the condition that the contract is not valid unless the premium is actually paid in cash, and there is no waiver of this condition by the company, and the agent issuing the policy has no authority to alter the provision, the acceptance of a promissory note of the insured by the agent as payment of the premium does not render the contract complete, and the note is without consideration.

**2. Same—Agent's Assumption of the Premium.**

The case is not altered by the fact that the agent personally assumed the payment of the premium to the company, where he did not pay it until after the maturity of the note and the institution by him of suit thereon.

APPEAL from the County Court of El Paso. Tried below before Hon. JAMES R. HARPER.

*Beall & Kemp,* for appellant.

*W. S. Smallwood,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought on the 11th of December, 1897, by appellee against appellant upon a promissory note made by the latter to the former on the 8th day of October, 1897, for $410, payable sixty days after date, with interest from maturity at the rate of 10 per cent per annum, together with 10 per cent attorney's fees if judicial proceedings should be resorted to in its collection.

The appellant (defendant below) pleaded specially that the note was made with the understanding that if upon advising with his wife she did not desire him to take out a policy of insurance upon his life the note should be of no effect, but that if she consented to his taking out the life policy, it should be taken and paid as the first annual premium on such policy; that the note was accepted by appellee with full understanding of such condition precedent as to its validity; that upon consultation with his wife she would not consent to appellant's taking such policy, and that he immediately notified appellee of the fact, and that he could not take and did not want such insurance policy. That the condition on which the note was to take effect never happened, and that he never received or accepted the policy for which it was made under the conditions stated.

The appellee in his supplemental petition specially denied the allegations in appellant's special plea. But averred that appellant's applica-

.tion for insurance was made in good faith and unconditionally for a
.$10,000 life insurance policy in the New York Life Insurance Company;
that the note was unconditionally executed by appellant to cover and
secure him in the amount due for said insurance, and that appellee holds
the note to secure him in the payment of the net premium and for com-
missions due him for said insurance.

That upon the execution and delivery of said note to him appellee be-
came and held himself alone responsible to said insurance company for
the payment of the premium due upon appellant's said policy, as said
company accepts only cash payments for its premiums.

That appellee has advanced and paid out of his own funds to said in-
surance company the amount of the premium due it on appellant's policy
and tendered him said policy before the institution of this suit, which
appellant refused to accept.

The trial of the case resulted in a verdict for appellee, upon which the
judgment appealed from was entered.

The issue submitted in the charge to the jury was whether appellant
applied for insurance and executed the note upon the understanding
with appellee that if his wife failed to consent to his taking the policy it
should not be issued nor the note paid. If such was the agreement the
jury were instructed to find for appellant; and if not, to find for the
appellee. It is contended by the appellant that there is another issue
made by the pleadings and evidence which should have been submitted,
as asked by appellant in the special charge hereinafter quoted, and that
upon it, under the undisputed evidence, the verdict should have been for
appellant.

As the verdict of the jury settles the question as to the consent of
appellant's wife being a condition precedent to his application for insur-
ance and payment of the note against appellant, we will take no notice
of the evidence (which is conflicting) upon that issue. But will state our
conclusions of fact, derived alone from appellee's own evidence, upon the
issue which appellant contends should have determined the case in his
favor. They are as follows:

On the 8th day of October, 1897, the appellee, E. J. Harlock, solicited
the appellant to take out an insurance policy on his life from the New
York Life Insurance Company, which company appellee was then rep-
resenting. Among the provisions in the application—a copy of which is
indorsed on the policy and made a part thereof—is the following:

"4. That the company shall incur no liability under this application
until it has been received, approved, the policy issued thereon by the com-
pany at the home office, and the premium has actually been paid to and
accepted by the company or its authorized agent during my lifetime and
good health, except when the premium has been paid in advance to an
authorized agent of the company, and a binding receipt on the company's
authorized form has been given by such agent, the liability of the com-
pany shall be as stated in such binding receipt."

Section 6 of the "General Regulations" appearing on the policy applied for and made a part of it, among other provisions has the following stipulations: "No agent has power on behalf of the company to make or modify this or any contract of insurance; to extend the time for paying any premium; to waive any forfeiture, or bind the company by making any promise or making or receiving any representation or information. These powers can be exercised only by the president, vice-president, second vice-president, actuary or secretary of the company, and will not be delegated. All premiums are due and payable at the home office, unless otherwise agreed in writing, but may be paid to agents producing receipts signed by the president, vice-president, second vice-president, actuary or secretary, and countersigned by such agents. If any premium is not paid on or before the day when due, this policy shall become void."

At the time the appellant made application for the policy he executed to appellee the note sued on, upon the understanding, as is alleged in appellee's supplemental petition, that appellee should be alone responsible to the insurance company for the payment of appellant's premium due upon the policy, as the company would accept only cash in payment of its premiums. The appellee forwarded appellant's application to the company, but it does not appear that he informed the company that he had agreed with appellant to become responsible to it for the premium. After the application was received at the company's home office in New York, the policy was made out in accordance therewith, duly executed and mailed to appellee at El Paso, Texas; and was received by him there on the 21st of October, 1897. Before appellee received the policy, but after it had been mailed to him, he was notified by appellant that he would not take the policy. About thirty days after the date of the note appellee saw appellant and tendered him the policy, but he refused to accept it, and has continuously since so refused. After this suit was instituted, and not before, the appellee paid the insurance company the amount of appellant's premium due on the policy less his (appellee's) commissions.

*Opinion.*—The appellant's special charge, which the court's refusal to give is assigned as error, is as follows: "In this case the plaintiff sues upon and asks judgment on the note described in his petition—the defendant pleads a failure of consideration. The consideration claimed by plaintiff as supporting the note is his becoming responsible for and paying the premium of $410, of the policy in evidence. Among other provisions in the application—a copy of which is in evidence—is the following." [Here follows a copy of provision "4" of the application as copied in our conclusions of fact. Then is copied section 6 of the "General Regulations" as it appears in said conclusions.]

"In view of the foregoing, if you believe that instead of paying the premium stipulated in the policy, the defendant gave his note to the plaintiff for the same, falling due sixty days after date, and that before

plaintiff received the policy from the home office defendant notified plaintiff or caused plaintiff to be notified that he would not pay the note; but the plaintiff, regardless of such notice and after receiving the same and after said note became due, paid the premium to the company, or any value on account thereof, or of said note, then under such conditions the plaintiff ought not to recover in this suit on the note sued on, and your verdict should be for the defendant."

The facts stated and required to be found by the charge quoted are established by the undisputed evidence and rest upon the testimony of the appellee himself. He says the agreement was, "That I" (appellee) "would take his" (appellant's) "note payable to myself individually, in sixty days, for the amount of the premium, and that I" (appellee) "would assume and pay the company the premium myself, and taking the note would be a personal matter and the note would belong to me. * * * I" (appellee) "paid the company the amount due it in said policy after I instituted this suit on the note."

It is thus seen that the amount due the company was to be paid by appellee, and in consideration of its assumption the note was executed. The appellee never paid the premium, as he agreed to do, until after he instituted this suit. Until the premium was paid in cash the policy by its own terms was inoperative and utterly worthless, and there was a total failure of the consideration for which the note was given; for "where a policy is issued subject to the conditions on the back thereof, and one of the conditions is that the contract is not valid unless the premium is actually paid 'in cash,' and there is no waiver of this provision by the company, and the agent issuing the policy has no authority to alter these provisions, the acceptance of a promissory note of the insured by the agent as payment of the premium does not render the contract complete, and there is no consideration for the note." Joyce on Ins., sec. 70.

The appellant was under his contract with appellee entitled to insurance upon his life from the date of the acceptance of his application by the company. To effect such insurance it was necessary that the premium should be paid in cash. The obligation to make this cash payment was assumed by the appellee in consideration of the note. This obligation was not discharged by him until after this suit was brought. It not having been discharged when the note matured, appellant had a right to refuse to accept a void policy, and when the note matured, the consideration for which it was given having failed, to refuse its payment. The payment of the policy by appellee to the company, after the maturity of the note and the institution of suit upon it, did not make appellant liable on it, for such payment was not performance of his contract, because it was made too late.

The charge asked was more favorable to the appellee than the undisputed facts entitled him to; for as they were undisputed and showed a total failure of the consideration for which the note sued on was given, the jury should have been peremptorily instructed to find for appellant.

As appellee's own evidence shows beyond question that he is not entitled to recover, and as from its nature and character it must necessarily be the same upon another trial, it will be useless to remand the case, the judgment of the County Court is reversed and judgment here rendered for appellant.

*Reversed and remanded.*