Hillsborough, }
  Dec., 1900. }

## ANDERSON & a. v. SCOTT.

Evidence may properly be excluded when its only legitimate effect is to prove facts specifically admitted.

As against a formal subscriber to corporate stock who refuses to complete the contract, an actual taking of and payment for shares is equivalent to a subscription.

ASSUMPSIT, to recover upon a stock subscription. Verdict for the plaintiffs. Two defences were set up: that the stock was not fully subscribed, and that the subscription was obtained by fraud.

After introducing evidence tending to show that one Towner, who secured the subscriptions, made fraudulent representations to him, the defendant excepted to the exclusion of evidence tending to show that at about the same time Towner made similar representations to other persons for the purpose of inducing them to subscribe. The plaintiffs admitted that any representations made to the defendant by Towner were made with full knowledge of their truth or falsity and with the intent to induce the defendant to subscribe.

Upon the question of the amount of stock subscribed for, the jury were instructed as follows, subject to the defendant's exception to the portion enclosed in brackets: "It is implied in every contract for stock in a prospective corporation that all the stock will be taken; and if this is not done, the subscriber may refuse to complete the agreement. [But it is not necessary that the contract be all upon one book, or in one form. If some sign the promoter's book, and others actually buy and pay for stock without signing any paper at all, the stock is as fully subscribed as though all signed the book. So in this case, if the stock subscribed for on

the book, added to that actually taken by Governor Smith and others, amounts to $40,000, you will find that the capital stock was fully subscribed.] If you find it to be the fact that there was less than $40,000 disposed of in these two ways, you will have no occasion to consider any other question and will return a verdict for the defendant."

*Charles W. Hoitt, Charles J. Hamblett,* and *Edward H. Wason,* for the plaintiffs.

*James F. Brennan* and *Walter C. Harriman,* for the defendant.

BLODGETT, C. J.    While actions for fraud constitute an ancient and well recognized exception to the general rule, that other wrongful acts of the accused of a similar character to the one on trial are not competent to prove the main charge, and while, in such cases, large latitude is always given to the admission of any evidence tending to persuade the mind of the existence of a fraudulent intent on his part, yet upon the issue in the present case as to whether the defendant's subscription was obtained by Towner's fraudulent representations, evidence of similar representations made by him, at or about the same time, to other persons, for the purpose of inducing them to subscribe, was properly excluded. The only legitimate and relevant purpose for which that evidence could have been admitted was to show that the representations to the defendant were made with a fraudulent intent (*Perkins* v. *Prout,* 47 N. H. 387, 391; *Lincoln* v. *Claflin,* 7 Wall. 132, 139; *Butler* v. *Watkins,* 13 Wall. 456, 465, and authorities generally); but that issue was rendered immaterial by reason of the plaintiffs' admission " that any representations made to the defendant by Towner were made with full knowledge of their truth or falsity and with the intent to induce the defendant to subscribe." The only issue then remaining upon the question of fraud was whether the representations so made were false; because if they were, the admission established the fact that they were fraudulent. Hence, if the evidence had been received, it would only have proved what the plaintiffs specifically admitted; and consequently, even if its exclusion was erroneous, it was harmless error merely.

No error is discovered in the instructions given in respect to the capital stock.    In our opinion, the defendant's contention, that contracts of subscription for stock in a prospective corporation must be upon one book, and in the same form, has no foundation upon principle, reason, or authority (1 Mor. Corp., 2d ed., s. 69; 23 Am. & Eng. Enc. Law 786); and upon the question whether

the whole number of shares was subscribed for, we cannot doubt that, as against the formal subscribers to the capital stock of the corporation, an actual taking of and payment for a given number of shares by a party must be regarded as equivalent to a subscription for those shares by that party. See *Chesley* v. *Pierce*, 32 N. H. 388, 402.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.