## NEWMAN v. NORRIS IMPLEMENT CO. et al.

(Court of Civil Appeals of Texas. Amarillo. April 20, 1912.)

1. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—STATEMENT—SUFFICIENCY.

Where error was assigned to the admission of a letter from the secretary of an insurance company, and the statement, though failing to copy the letter, referred to and gave the page of the statement of facts on which the letter was found, which statement was short, so that the letter could be easily found, the assignment would not be disregarded, because the letter was not copied in the statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. EVIDENCE (§ 378*)—LETTERS—PROOF OF EXECUTION.

A letter, appearing on its face to have been written by a third person, was not admissible, in the absence of some extrinsic testimony tending to show who executed it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1648–1655; Dec. Dig. § 378.*]

3. EVIDENCE (§ 318*)—HEARSAY—LETTERS OF THIRD PERSON.

In an action on a note given to an insurance agent for premium, a letter written by the secretary of the company to the maker, informing him that the policy has been canceled, because the first premium had not been paid, was inadmissible as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

4. INSURANCE (§ 188*)—PREMIUM NOTE—ACTION—JUDGMENT.

Where, in an action on a premium note given to an insurance agent, there was evidence that the policy was in force at the time of the trial, that the agent had actually paid the premium for which the note was given after suit brought, and that the insurer had waived the provision in the policy that it should not be in force until the first premium had been paid in cash, the maker was not entitled to judgment over against the agent, on judgment being rendered against him in favor of the indorsee, on the ground that, because of the agent's failure to pay the premium in cash to the company before suit brought, the note was without consideration as between the parties.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 245, 402–407; Dec. Dig. § 188.*]

5. INSURANCE (§ 187*) — PREMIUM NOTE — CANCELLATION — FAILURE OF CONSIDERATION.

Where, in a suit by an indorsee of a premium note against the maker and payee, the maker demanded judgment over against the payee for alleged failure of consideration, in that the payee had failed to pay the premium to the insurance company, the burden was on the maker to allege and prove, not only that the policy provided that it should not be in force until the first premium had been paid in cash, and to prove that he executed the note to the payee, in lieu of cash, on the latter's promise to pay the premium, and that he had not done so, but that he had also made no satisfactory arrangement with the insurer by which the latter had waived such provision.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 399–401; Dec. Dig. § 187.*]

Appeal from Childress County Court; W. G. Gross, Judge.

Action by the Norris Implement Company against M. E. Tarwater and W. C. Newman. From a judgment for plaintiff against both defendants, and in favor of Tarwater against Newman, Newman appealed to the county court, where a similar judgment was rendered, from which defendant Newman appeals. Judgment in favor of Tarwater against Newman reversed and remanded for further proceedings, and judgment otherwise affirmed.

Hamilton & Davidson, of Childress, for appellant. Jos. H. Aynesworth, of Childress, for appellees.

GRAHAM, C. J. This suit originated in the justice's court, precinct No. 1, Childress county, by appellee Norris Implement Company, as indorsees, suing appellee M. E. Tarwater, as maker, and appellant W. C. Newman, as indorser, of a certain promissory note, which had been executed by M. E. Tarwater and delivered to W. C. Newman, payee therein; appellee having pleaded in effect that he was the owner of the note, having acquired the same in due course of business, for value, before maturity.

Appellee Tarwater answered, admitting liability, as maker of the note, to Norris Implement Company as innocent holders, but pleaded failure of consideration as to appellant W. C. Newman, and prayed for judgment over against Newman for all such sums as he (Tarwater) might be compelled to pay. Appellant, Newman, answered, admitting liability, as indorser, to the Norris Implement Company, but denied the allegations of fact in appellee Tarwater's cross-action. Judgment was rendered in the justice's court in favor of the Norris Implement Company against Tarwater and Newman, and in favor of Tarwater against Newman, from which judgment Newman appealed to the county court of Childress county, where the case was tried before the court, without a jury,

and judgment was again rendered in favor of the Norris Implement Company against M. E. Tarwater and W. C. Newman, and in favor of Tarwater against Newman, for the sum of $174.40 and costs, from which last judgment W. C. Newman alone appeals to this court.

The note sued on was introduced in evidence by appellee, and is as follows: "$151.-65. Childress, Texas, May 24, 1910. November 1st, 1910, after date, without grace, for value received, I, we or either of us, promise to pay to the order of W. C. Newman at the office of the Farmers' & Mechanics' State Bank, at Childress, Texas, one hundred and fifty one and 65/100 dollars, with interest, at the rate of ten per cent. per annum from maturity until paid, and ten per cent. additional on principal and interest unpaid for attorney's fees if placed in the hands of an attorney for collection. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note. M. E. Tarwater. Due 11/1/1910. No. 1,134. P. O., Childress, Texas"—and is indorsed, "W. C. Newman."

The record shows that the note sued on was executed and delivered by appellee Tarwater to appellant, Newman, on the day it bears date, and in consideration that Newman (who was at that time the agent of the American Home Life Insurance Company) would pay to said insurance company the first premium on said policy. The record also shows that Newman did pay said insurance company said premium, but that he did so after this suit was filed in the justice's court.

Aside from the letter which was introduced in evidence by appellee Tarwater, and which is complained of under appellant's first assignment of error, there is nothing in the record tending to show that the policy which had been delivered by Newman to Tarwater, and which, at the time of the trial, was in the possession of Tarwater, was not at that time in full force and effect; nor was there any evidence introduced tending to show what arrangements, if any, Newman had made with the insurance company, in lieu of paying the cash earlier than he paid same.

Appellant's first assignment of error is as follows: "The court erred in overruling the objections of the defendant W. C. Newman to the introduction of the letter which purported to be from the American Home Life Insurance Company, and addressed to the defendant M. E. Tarwater, and set out in defendant Newman's bill of exception No. 1." Under this assignment, appellant submits three propositions, as follows: First Proposition. "Hearsay evidence is inadmissible to prove default in the payment of a note." Second Proposition. "Statements made by third persons, not connected with the suit in court, and not made in the presence or hear-

ing of a party sought to be charged therewith or bound thereby, are inadmissible in evidence over the objection of such party." Third Proposition. "A letter purporting to have been written by a stranger to a suit, the execution of which is not proven, is inadmissible over the objection of a party to the suit, who is sought to be bound by such letter."

The bill of exceptions on which this assignment is based shows that appellant objected to the introduction of the letter, on the grounds that its execution had not been proven; that same was a statement and letter by a third party, not a party to the suit, was irrelevant and immaterial, and could not bind the appellant, all of which objections were overruled.

The letter complained of is as follows: "The American Home Life Insurance Company. Office of the Secretary, Mervyn Davis. Ft. Worth, Texas, July 27, 1911. Mr. Michael E. Tarwater, Childress, Texas—Dear Sir: In re policy #9,239, Tarwater. The company has not yet received payment of the first premium of $151.65 due May 5th last on the above mentioned policy, which has therefore been cancelled and recorded as not taken on our books and the company will not be liable for the insurance granted thereunder until the policy has been reinstated. If there be any error in the above statement and you have paid the premium or any part thereof, please advise us, stating the date of payment, in order that we may make the necessary corrections. We will appreciate the courtesy of a reply from you at your early convenience. Yours very truly, Mervyn Davis, Secretary."

[1] Objections are made by appellee Tarwater to our considering this assignment, on the ground that the statement submitted fails to copy the letter. The statement does fail to copy the letter referred to in the assignment; but the statement gives us the page of the statement of facts on which the letter is found, and, as the statement of facts is a short one, we think it would be giving the rule too rigid a construction to refuse to consider the assignment, merely because the letter itself was not copied in the statement, especially as reference is made to the statement of facts where the letter is found, and the statement of facts itself is very short.

[2] There was no evidence introduced on the trial of this cause tending to show who executed the letter introduced, other than what the letter itself shows upon its face; Tarwater himself having testified merely that he received the letter by due course of mail.

[3] Under these conditions, we think that the execution of the letter was not sufficiently proven·to have entitled it to be admissible as evidence, even had it not been hearsay; and we think, as shown by the record in this case, the contents of the letter itself

were hearsay, and that it was therefore not admissible for the purpose of proving either that default had been made in the payment to the company of the first premium, or of proving or tending to prove that some satisfactory arrangement, in lieu of cash, had not been made with the company; nor do we think the letter was admissible for the purpose of proving that the policy itself had been canceled for nonpayment of premium, or for any other cause. Believing that the letter was inadmissible, as against the objections urged by appellant, this assignment will be sustained. Dwyer v. Bassett, 1 Tex. Civ. App. 513, 21 S. W. 621; Mathis v. Pridham, 1 Tex. Civ. App. 58, 20 S. W. 1015.

[4] Appellant's second assignment is as follows: "The court erred in rendering judgment in favor of the defendant M. E. Tarwater and against the defendant W. C. Newman." Two propositions are submitted under this assignment, as follows: First Proposition. "A judgment rendered against the defendant, which is without evidence to support it, is erroneous." Second Proposition. "A judgment rendered against the defendant in an action against him for default in the payment of a premium on an insurance policy for the whole amount of such premium is erroneous, where the evidence is clear and undisputed that such defendant had paid such premium prior to the trial of the case, and that the note taken by such defendant for such premium became his own property."

As there is no evidence in the record tending to show that the insurance policy was not in full force at the time of the trial, and that therefore some satisfactory arrangement had not been made with the insurance company by W. C. Newman until he had paid the premium, which constituted a waiver of a provision that was in the policy, stipulating that it should not be in force until the first premium was paid in cash, except the letter, which, under the first assignment, we have held should not have been admitted, we think appellant's first proposition under his second assignment should be sustained.

While there is a provision in the insurance policy that was issued and delivered to appellee Tarwater which provides that the policy shall not be in force until the first premium has been paid in cash, we know of no law that would prevent the company from waiving that provision and accepting payment other than in cash, if it saw fit so to do; and the fact that the evidence in this record, excluding the letter above referred to, tends to show that the policy of insurance was in full force and in the possession of the assured at the time of the trial, we think, tends to raise a presumption that the company had waived that provision in the policy, and had accepted some settlement or arrangement with Newman,

other than cash, as satisfactory until Newman had paid the cash, which the record shows was not paid until after this suit was filed in the justice court. The note sued on is clearly shown by the record to have been given to W. C. Newman, and made payable to him, on his promise to settle with the company; and this contract the parties had a right to make, provided it was carried out in such way as became satisfactory to the company. Reppond v. National Life Insurance Co., 100 Tex. 519, 101 S. W. 786, 11 L. R. A. (N. S.) 981, 15 Ann. Cas. 618; Theis v. Mutual Life Insurance Company of Kentucky, 13 Tex. Civ. App. 280, 35 S. W. 676.

We have carefully read the case of Saldumbehere v. Hadlock, 19 Tex. Civ. App. 653, 48 S. W. 197, cited by appellee Tarwater in support of his contention that, even if the letter itself, complained of in the first assignment, be excluded, the fact that Newman testified that he had paid the cash to the company since the filing of this suit in the justice court would still require an affirmance of the judgment rendered below. The decision referred to may be construed as an authority for the contention of appellee. It will be observed, however, that in the opinion in that case a quotation from Joyce on Insurance, § 70, is made, as follows: "Where a policy is issued, subject to the conditions on the back thereof, and one of the conditions is that the contract is not valid until the premium is actually paid in cash, AND THERE IS NO WAIVER OF THIS PROVISION BY THE COMPANY, and the agent issuing the policy has no authority to alter these provisions, acceptance of a promissory note of the insured by the agent as payment of the premium does not render the contract complete, and there is no consideration for the note." In the subsequent portion of this opinion, the learned judge who wrote it disregards the condition which we have capitalized above as contained in the law as announced by Joyce on Insurance.

[5] This being a suit by Tarwater to cancel his contract as to Newman for failure of consideration, we think the burden was upon him to allege and prove, not only that the policy had a provision in it to the effect that it should not be in force until the first premium was paid in cash, and to prove that he executed the note to Newman, in lieu of the cash, on Newman's promise to pay the company, and that Newman had not actually paid the cash, but he must also have shown that no satisfactory arrangement had been made with the company by which it had waived that provision in the policy, especially in view of the fact that the record shows that Newman actually paid the premium and that it accepted same.

For the reasons given, the judgment of the trial court, in so far as judgment was ren-

dered in favor of Tarwater and against Newman, will be reversed and remanded for further proceedings on this issue, and in all other respects the judgment rendered by the trial court will be affirmed. The costs of this appeal to be taxed against appellee Tarwater; and it is so ordered.