### NEWMAN et al. v. TARWATER.

(Court of Civil Appeals of Texas. Amarillo. June 14, 1913.)

1. BILLS AND NOTES (§ 302*)—LIABILITY OF INDORSER TO MAKER—FAILURE OF CONSIDERATION.

In an action against a maker and payee of a note, which the payee indorsed over to an innocent third party, where it appeared that the maker delivered the note to the payee in payment for an insurance policy, but that the payee failed to pay the amount of the premium to the company, as he agreed, or even to notify the company that he had accepted the note for the premium, by reason whereof the policy was canceled, the consideration for the note had failed, and the maker was entitled to a judgment over against the payee for the amount.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 622, 643–646; Dec. Dig. § 302.*]

2. EVIDENCE (§ 357*)—LETTERS—ADMISSIBILITY.

Where an insurance agent who took a note for the premium on a policy failed to pay the amount to the company, as he agreed, on account of which the policy was canceled, a letter from the company to the policy holder canceling the policy, which was shown to the agent, was admissible in evidence against him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1492–1499; Dec. Dig. § 357.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—FACT OTHERWISE ESTABLISHED.

If the admission of the letter in evidence was error, it was harmless, where it was not denied that the agent had failed to pay the money as agreed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

Appeal from Childress County Court; Frank W. Freeman, Judge.

Action by the Norris Implement Company against W. C. Newman and N. E. Tarwater. From a judgment against the defendant Newman in favor of the defendant Tarwater, the defendant Newman appeals. Affirmed.

Jno. W. Davidson, of Childress, and G. E. Hamilton, of Matador, for appellant. Jos. H. Aynesworth, of Childress, for appellee.

HUFF, C. J. [1] W. C. Newman, as agent of the American Home Life Insurance Company, sold to M. E. Tarwater a life insurance policy in said company May 5, 1910, for the sum of $3,000. In payment for the same Tarwater executed his note for the sum of $151.65, payable to the order of Newman. Newman indorsed the note to the Norris Implement Company. After its maturity, the Norris Implement Company sued Tarwater, as principal, and W. C. Newman, as indorser.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

Both Tarwater and Newman admitted their liability on the note as sued on to the Implement Company. Tarwater, however, pleaded over against his codefendant Newman, setting up the fact that he gave the note for an insurance policy in the American Home Life Insurance Company and the consideration for the note had failed, in that Newman had agreed to pay the cash due the Insurance Company on the first premium. This he did not do, and in consequence thereof the policy was canceled and he prayed for judgment over against Newman, and upon trial was awarded such judgment by the county court of Childress county.

The policy was delivered to Tarwater by Newman, as agent of his principal, the Insurance Company. The facts are uncontroverted that the cash was not paid by Newman to the company, as he had agreed to do upon the execution of the note, and the money was not remitted by him until long after the institution of the suit on the note. The appellant asserts the issue is whether the policy was canceled, and whether the Insurance Company was liable, and asserts there is no evidence to sustain the judgment of the court on the question. Tarwater got the policy, but got notice from the Insurance Company a few days later that the cash had not been paid, and that the policy was therefore canceled. He notified Newman of the receipt of this notice, and Newman promised to send the money, but did not do so. The judgment of the trial court establishes the fact that the policy was canceled because of the nonpayment of the premium on the policy. It is urged that the facts are not sufficient to support the judgment. It is an admitted fact that Newman did not pay the cash due the company, or report to the Insurance Company that he had taken Tarwater's note for the premium due thereon. On July 27, 1910, the policy was marked "Not taken." Tarwater testifies the company never issued to him a receipt for the payment of the premium, or that it was not turned over to him by Newman. All premiums were due and payable at the home office, or at its pleasure it could appoint a collector to receive such payment at other places, but only in exchange for its regular receipt signed by its president or secretary, and countersigned by the collectors designated. The conclusion cannot be escaped in this case that the company had entered the policy not delivered and canceled. It did not get the cash for the "nets" due it, and was not notified that Newman had a note for the premiums. Its receipt for the premium was not delivered to Tarwater. It had sent the receipt to Newman with the policy. This receipt he did not deliver to Tarwater. At the time of the institution of the suit, in so far as Tarwater was concerned, he had no policy—the thing he thought he was buying. It is now asserted that the company would have been liable, because the note had been taken by Newman. Be that as it may, the beneficiary in the policy would have been required to prove the payment of the cash or the execution of the note for the policy, which, under Newman's conduct, would have been difficult, if not impossible. We do not think Newman is in a position at this time to make such claim, when he failed and refused after repeated requests from the company, as well as from Tarwater, to report what he had done with the policy, and to pay the cash therefor.

[2, 3] It is urged that the introduction of the letter from the Insurance Company to Tarwater, to the effect that the policy issued to him was canceled for nonpayment of the premium, was error. If so, it is harmless. The facts establish without controversy the cash was not paid by Newman. He did not report a note for the premium or deliver a receipt therefor, and the policy was entered "Not taken," and canceled. Newman gave nothing for the note, but got it by causing Tarwater to believe that he would pay for it. Generally, the letter would not be admissible; but, when Tarwater went to Newman and notified him of its receipt and the condition of his policy, and Newman then promised to send in the money and get the matter straightened out, and when he did not do so, we see no reason why it was not notice to Newman that the policy was canceled by reason of his (Newman's) default. It was part of the transaction, and brought home to him the loss sustained by Tarwater. He did not then adjust the matter, but let the policy remain in that condition. We think this case falls under the rules announced in the case of Saldumbehere v. Haddock, 19 Tex. Civ. App. 653, 48 S. W. 197. We do not think the evidence in this case shows a waiver by the Insurance Company of the return of the cash premium; but, on the contrary, it was insisting on it, and canceled the policy because of that fact, of which Tarwater notified Newman, and Newman agreed to attend to it at once, which he did not do, thereby depriving Tarwater of the policy for which the note was given. We think Newman's conduct in this case clearly caused a cancellation of the policy, and that the note was without consideration, and that he should respond in damages for his conduct.

The judgment is affirmed.