## WESTERN UNION TELEGRAPH COMPANY V. EVERETT EVERHEART.

### No. 989.

1. **Practice—Jury Trial—Failure to Deposit Jury Fee.**—While the statute requires a deposit of the jury fee on the first day of the term, a failure to make it then will not deprive the party of the right to make it later, if such failure has not resulted to the prejudice of the opposite party, or caused unreasonable delay or disturbance of the business of the court.

2. **Same—Legality of Jury—Statutes Construed.**—Articles 3022 and 3054 of the Revised Civil Statutes of 1879, construed, and *Held*, (1) that in all cases where no jury has been selected by jury commissioner at a preceding term of the court, the court has the power to cause jurors to be selected and summoned by the sheriff; (2) that the language used in the statute, "may, when it may be deemed necessary appoint commissioners for that purpose," is permissive, and not mandatory, and the manner of supplying the omission must largely depend upon circumstances; (3) that where commissioners are appointed at the same term of court at which the jury sits, the provisions concerning the keeping of lists, the issuance, service, and return of the veniri when the jury is selected at one term for a succeeding term, are not applicable.

3. **Practice—Waiver of Error.**—Where the appellant demanded a jury, and afterwards objected to the legality of the jury summoned, and the trial court erroneously sustained the objection, but then overruled the claim to have a jury, appellant's whole contention not having been sustained, such objection does not waive the right to a jury.

APPEAL from the County Court of Smith. Tried below before the Hon. R. B. BEAIRD.

*M. R. Greer*, for appellant.—The court erred in declining to give defendant a jury trial, and in trying this cause before the court without a jury, and in forcing defendant to trial before the court, without a jury. Const. 1876, Bill of Rights, art. 1, sec. 15; Sayles' Civ. Stats., arts. 3059–3062, 3046–3049, 3091–3094; Daniel v. Bridges, 73 Texas, 154; 65 Texas, 65; 4 W. & W., secs. 560, 704, 1151.

*Lindsley & Butler*, for appellee.—To avail one's self of his right to a by jury, he must demand such trial at a seasonable time, and can not so employ this right as to defeat a trial of the cause altogether, and work a continuance for the term. Rev. Stats., art. 1289, 3059–3071; Cole v. Terrell, 71 Texas, 552; Cable v. Shoe Company, 81 Texas, 104; Petri & Bro. v. Bank, 83 Texas, 424; Id., 84 Texas, 153.

WILLIAMS, ASSOCIATE JUSTICE.—On the 1st day of May, which was the first day of the term of court at which this cause was tried, appellant, who was defendant below, demanded a jury, but did not then pay the jury fee. The jury trial docket was set down for Monday of the following week, May 8th, and the nonjury docket was set down for the third week, beginning May 15th. An agreement was made between opposing counsel setting this case for May 16th. On May 8th

appellant paid the jury fee, and this cause was, by order of the court, placed upon the jury trial docket, but no other action was taken in the case until May 16th, for which time it had been set down by agreement. It appears that, through an oversight of the county judge, no jury commissioners had been appointed as required by law (article 3027, Revised Statutes), at the January Term, and there were consequently no regularly selected jurors for the May Term. It does not appear whether or how a jury was obtained for the second week of court, nor what action was taken in other cases upon the jury trial docket. This case was called up on the 16th, and, appellant insisting upon a trial by jury, the court caused jurors to be summoned by the sheriff, who was properly sworn to perform that duty. When the list of those summoned was returned, appellant moved to quash it, on the ground, substantially, that the jurors had not been selected by jury commissioners appointed according to law, but were selected and summoned by the sheriff upon the order of the court. This motion was not resisted by appellee, and was sustained by the court. Jury commissioners were then appointed by the court and instructed to select jurors for the third and fourth weeks of the May Term, as well as for the term to be held in July. The commissioners selected jurors and made their return to the court, and the jurors for the third week of the May Term were summoned, and were in attendance on the 17th of that month. The case was again called, and appellant moved to quash the panel, on the grounds that the commissioners who selected the jurors were not appointed at the January or July Term of court, nor at any term prior to the May Term, but were appointed after two weeks of that term had passed; that the lists were not on file with the clerk ten days before the writ for summoning the jurors was issued; that the writ was not issued prior to the beginning of the term, nor prior to the time set for the trial of this cause. Appellee made no resistance to this motion, and it was sustained. Counsel for appellee then offered to try the case by jury if the counsel for appellant would suggest what kind of a jury he desired, to which the latter replied that he "wanted a jury such as was legal." Thereupon the court called the case upon the nonjury docket, and forced appellant to trial without a jury. This action was assigned as error.

Appellee contends that the case was not properly on the jury trial docket, and that appellant was not entitled to a trial by jury, because he did not deposit the fee on the first day of the term. While the statute requires that the deposit be made on that day, it has been held held that a failure to make it then will not deprive the party of the right to make it later, if such failure has not resulted to the prejudice of the opposite party or caused unreasonable delay or disturbance of the business of the court. The fee was paid before the case was reached on the nonjury docket, and appellee was not deprived of an opportunity of a trial upon that docket. It was paid on the first day set for the trial of juries, and the delay in paying did not cause any

delay in or disturbance of the business, nor any additional inconvenience.    Allen v. Plummer, 71 Texas, 547.

An agreement was made after the jury was demanded, setting the case for a day in the week fixed for nonjury trials.

In Cole v. Terrell, 71 Texas, 553, it is said: "Litigants are charged with knowledge of the standing orders of the court, and where the parties, by consent, set down a case for trial at a day when no jury is to be expected, no complaint can be made to the court proceeding with a trial without a trial."    But in that case there was a regular jury for the first week for which jury cases were set, and the parties, without a demand on the first day of the term for a jury, set the case for trial before a special judge in the second week, when there would be no jury, depositing a jury fee on Friday of the first week. The jury was discharged at some time during the first week.    When the case was called, the party asked for a continuance, because there was no jury. It was with reference to these facts that the above language was used. In the present case, it seems that the agreement to set the case had no influence upon the course of the other business of the court.    There was no regularly selected jury for the court, which had been discharged in consequence of the setting of the cause.    The cause was put upon the jury docket by order of court after the agreement was made. When the case was called, no objection was made to its being tried by jury either by the court or by the opposite party, and from these circumstances we think it proper to assume that no injury to any interest involved had resulted from the agreement, and that it was contemplated by all parties that, at the time fixed, the defendant should have the privilege of trying the case before a jury. So we think the case should be regarded as properly on the jury docket when it was called for trial, and the question remains, was there a denial of the right of appellant to a trial by jury of which it is in an attitude to complain? Appellant's contention is, that neither of the juries tendered to it was a lawful jury, and that the court properly so held; and that, as it was not in the power of the court then to furnish a jury which would have been legal, it should not have been forced to trial.

The legality of the first jury depends upon the power of the court to have jurors summoned by the sheriff where none have been previously selected in the manner provided by the statute.

In the case of Daniel v. Bridges, 73 Texas, 154, it is said: "But the law invests no court with power to order the sheriff to summon a venire for the trial of a civil cause."    This was a decision of the Commission of Appeals, adopted by the Supreme Court. The court below, held by a special judge, had caused a jury to be summoned by the sheriff when there was in attendance upon court a jury for the week, regularly drawn, but being used by the regular judge.    The special judge, instead of waiting until the regular jurors could be had, caused the sheriff to select and to summon others.    This state of facts did not

require so broad a declaration of the law as is contained in the sentence above quoted, and it is an obiter dictum.

The assertion that the court has no power to cause jurors to be summoned by its officer, when none have been otherwise supplied, is very different from the proposition that it can not properly force a party to try with a jury selected by the sheriff, when there are jurors regularly chosen by jury commissioners. The statute makes it the duty of both the district and county judges to appoint jury commissioners to select juries for succeeding terms of their courts, such appointment and selection in the County Court being required to be made at the January and July Terms of each year. The lists, when returned by the commissioners, are to be held and kept secret by the clerk until the time has arrived for the issuance of process for summoning them, which is to be done not more than thirty nor less than ten days previous to the beginning of the term for which the jurors have been chosen. The sheriff is required to summon them not less than three days before the first day of the term. These provisions certainly furnish the method by which juries are to be obtained and guarded from improper influences, and no judge or officer has the right to disregard them or to omit the performance of a duty therein imposed upon him. But the statute contemplates and provides for the contingency of a failure to secure jurors in this method, and does not leave the court powerless to try jury cases because, at the preceding term, juries have not been provided.

Article 3022 provides: "If from any cause the jury commissioners should not be appointed at the time prescribed, or should fail to select jurors as required, or should the panels selected be set aside, or the jury lists returned into court be lost or destroyed, the court shall forthwith proceed to supply a sufficient number of jurors for the term under the provisions of this title, and may, when it may be deemed necessary, appoint commissioners for that purpose."

It will be seen that when occasion for a jury arises, and it transpires that no jury has been furnished, it is peremptorily made the duty of the judge to supply "forthwith a sufficient number." He is required to proceed "under the provisions of this title." The language so far is mandatory; but there is no absolute requirement that the court shall obtain the jurors through the instrumentality of commissioners. As to the method to be adopted, the next provision is, that he "*may*, when it may be deemed necessary, appoint commissioners for that purpose." The change in the language from mandatory to permissive is significant. The provision is for an exceptional condition, where no jury has been previously selected, as ordinarily must be the case. How the judge should supply the omission may largely depend on the circumstances. There may be only one case to try, of minor importance, where there is no danger of improper influence operating in the summoning of jurymen; or a contrary condition may exist. Whether the method of selecting jurors by commissioners or by the sheriff

should be adopted was therefore, in our opinion, left by this and other provisions of the statute to the sound discretion of the judge. Circumstances may exist to make the power to appoint commissioners a duty; and it may be that the refusal of a judge to pursue that method could, where sufficient facts are developed, be reviewed on appeal. But we think it is not true that the court is without power to obtain jurors by any other method. Article 3054 provides: "If the requisite number of such jurors be not in attendance at any time, the court shall direct the sheriff to summon a sufficient number of qualified persons to make up the requisite number of jurors." This provision has more especial reference to a deficiency in the number of jurors previously chosen, but is broad enough to empower the court to have jurors summoned whenever from any cause the requisite number is not in attendance. It is a provision such as is referred to in article 3022, in the language, "under the provisions of this title." Article 3074 provides: "Any party to a suit which is to be tried by jury may, before the jury is drawn, challenge the array of jurors, upon making it appear that the officer summoning the jury has acted corruptly and has willfully summoned jurors known to be prejudiced against the party challenged, or biased in favor of the adverse party." This provision evidently contemplates that a case may exist in which the whole array has been selected and summoned by the sheriff, for the next article, 3075, provides, "that no challenge to the array shall be entertained where the jurors have been selected by jury commissioners."

The juries made up at the beginning of the weeks of a term try criminal as well as civil cases. In criminal cases, less than capital, the jury is made up in the same general way as in civil causes. Article 658 of the Code of Criminal Procedure expressly provides: "When from any cause there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such number of qualified persons as it may deem sufficient, and from those summoned a jury shall be formed as provided in the preceding articles of this chapter." This provision relates, it is true, to the trial of criminal cases, but it serves to illustrate the intention of the Legislature in adopting the system of laws regulating trial by jury. A jury is made up for the week, whether for trial of civil or criminal causes. Can it be imagined that the Legislature intended to confer on the court the power, under article 658, to impanel a jury from persons summoned by the sheriff, and with it try all criminal cases less than capital, and at the same time to withhold the power with the same jury to try civil actions? In our opinion, articles 3022 and 3054 of the Civil Statutes, and article 658 of the Code of Criminal Procedure, empower the court in all cases to cause jurors to be selected and summoned by the sheriff when none have been previously chosen by jury commissioners. This opinion is in accord with the decision of the Court of Civil Appeals of the Fourth District in the case of Smith v. Bates, 28 Southwestern Reporter, 64. And this view of the law was

evidently entertained by Chief Justice Stayton, in Roundtree v. Gilroy, 57 Texas, 179. But whether we are correct in this opinion or not, there can be no doubt of the power of the court, in exigencies such as existed in this case, to provide a jury through the instrumentality of jury commissioners. Such power is expressly conferred by article 3022. No complaint is made of the manner in which this was done in this case, except that the provisions concerning the keeping of lists, the issuance, service, and return of the venire, applicable when the jury is selected at one term for a succeeding term, were not and could not have been observed. Those provisions are plainly not applicable where juries are selected for the term at which they are to be used. To so hold would defeat the purpose for which the power is conferred by article 3022, viz., the trial of causes at the pending term.

The court therefore erred in sustaining the motions of appellant to discharge the juries which were tendered to it. It should have been required to try with the first jury summoned, unless the court was of opinion that the circumstances were such as to make it proper to have a jury selected by commissioners; in which case appellant should have been required to try with the jury so chosen. But it does not follow, that because appellant insisted and induced the court to hold that neither of the juries was legal, it could be forced to trial without a jury. If appellant's position had been sound, no jury could have been obtained at that term of the court which it could have been required to accept. The court, by its ruling, adopted that view only so far as to hold that the juries offered were not lawful juries, but refused to admit the consequence that the case could not be then tried. Appellant had the right to a jury trial, and by insisting that such a trial could not then be afforded for want of a legal jury, did not waive that right, nor warrant the court in trying without a jury. It is true that a party can not complain of an error committed by the court in sustaining his position, but the court did not sustain appellant's whole contention, but overruled its claim to have the case tried by a jury.

*Reversed and remanded.*

Delivered May 30, 1895.