INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
CLAUD FOSTER, BY NEXT FRIEND.

INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
W. G. FOSTER AND WIFE.

Decided June 26, 1901.

**1.—Jury—Waiver of Objection.**

A party who consents to the resetting of a jury case (which could not be tried on the day set for hearing) for a day for which it was known that no jury had been drawn, waives objection to the selection of a jury from a panel to be then summoned by the sheriff, and not selected in the regular manner.

**2.—Negligence—Evidence.**

Proof of an advertised excursion and the presence of a large crowd at the station, was admissible on the issue of negligence of the railway company in running over plaintiff, as bearing on the care to be exercised by it under the circumstances.

**3.—Harmless Error—Exception.**

Error in overruling special exceptions to and admitting evidence of allegations as to the crowded condition of a waiting room, which was held to have no connection with an injury to a person crossing the tracks, was not ground for reversal in the absence of probable prejudice to defendant from such ruling.

Appeal from Milam. Tried below before Hon. W. G. Taliaferro.

*S. R. Fisher,* for appellant. *N. A. Stedman,* of counsel.

*Henderson, Streetman & Freeman,* for appellee.

KEY, ASSOCIATE JUSTICE.—The defendant railroad company advertised an excursion on its road from Rockdale to Lake Station, on May 10, 1900. The plaintiff, Claud Foster, a 12-year-old boy residing in Rockdale, went to the depot and procured a ticket for the purpose of going on the excursion referred to. The train was about an hour late, and while waiting Claud went from the depot to an icehouse on the opposite side of the track, for the purpose of obtaining a drink of water, and while returning from the icehouse to the depot was run upon and injured by one of appellant's trains; and, by his father acting as next friend, he brought suit to recover damages from the railroad company.

W. G. Foster and his wife also brought a separate action to recover damages for themselves, on account of the injuries to their son. With-

out a formal consolidation the two cases were, by agreement, tried together and submitted to the same jury, the trial resulting adversely to the defendant in each suit, Claud Foster recovering $6500 and his father and mother recovering $3000. Separate judgments were rendered, and separate appeals have been prosecuted; but we dispose of both cases in one opinion, as nearly all the questions involved in one are also involved in the other.

The questions presented are too numerous for any considerable number of them, at this late day of the term, to receive detailed consideration in the opinion filed by the court; and we shall content ourselves with referring to only such as are considered most important.

The verdict of the jury, though general in terms, necessarily involves findings of fact to the effect that the defendant railroad company was guilty of negligence in one or more particulars charged in plaintiffs' petitions; and that neither Claud Foster nor his father and mother were guilty of contributory negligence charged against them in the defendant's answer; that as a direct and proximate result of the defendant's negligence, Claud Foster was injured, as alleged in the petitions, and as a result of such injuries, he and his father and mother have sustained damages to the extent allowed by the verdict. These findings are sustained by evidence and adopted by this court. Especially do we hold that the testimony supports a finding of negligence against the defendant in causing steam to be emitted from one of its engines, thereby frightening Claud Foster, so as to prevent his discovery of the approaching train, by which he was injured; and also in moving said approaching train at an unlawful rate of speed, and in failing to give required signals.

A jury had been demanded and the case placed on the jury docket and set for trial October 24, 1900. A jury had been regularly selected by the jury commissioners, summoned, and was in attendance on the day referred to; but on account of the court's being occupied with the trial of another case, this case could not be tried during that week; and thereupon, by consent of the parties, it was reset for November 26, 1900, both parties being apprised of the fact that no jury had been selected to serve for the week embracing that date, but the judge stated "that that could be provided for." When the case was called for trial November 26th no jury was in attendance, and the court directed the sheriff to summon not less than twenty-six men, which was done, and the jury selected from the panel so summoned. The defendant objected to this procedure, on the ground that this method of selecting a jury was illegal; and the objection being overruled, reserved a bill and assigns the ruling referred to as error.

We can not sustain this contention. When appellant agreed to set the case for trial at a time when it knew that no regular jury would be in attendance, it should be held to have assented to the organization of a jury in the mode adopted by the trial court. Roundtree v. Gilroy,

57 Texas, 179; Smith v. Bates, 28 S. W. Rep., 64; Telegraph Co. v. Everhart, 32 S. W. Rep., 90; Railway v. Vinson, 38 S. W. Rep., 540.

We do not think the court erred in permitting the plaintiffs to allege and prove that the defendant had advertised an excursion; that the train was late and a crowd had assembled at the depot. It was proper to allege and prove these matters, because they were material upon the question of the amount of care and diligence to be exercised by the defendant in handling engines and trains at and about the depot. It was also alleged in the pleadings of the plaintiffs that the waiting room furnished by the defendant at its depot was insufficient for the accommodation of the large crowd that had assembled to go on the excursion. The defendant excepted to this averment, because immaterial and in nowise related to or connected with the cause of action asserted by the plaintiffs.

The court overruled the exception, and over the objection of the defendant permitted the plaintiffs to submit testimony tending to prove the averments referred to. The testimony was objected to on the ground "that the same was incompetent, irrelevant, and immaterial, because the petition did not contain any allegations that the want of accommodations in said passenger depot had aught to do with causing or producing the accident, or constrained Claud Foster and others to go out in the yard and over its tracks, where passengers were not expected to be or remain while waiting for trains."

We agree with counsel for appellant that the matter here referred to—the capacity of the waiting room at the depot—was wholly immaterial and had no connection whatever with the cause of action asserted by the plaintiffs. But, while this is true, and the exception to this part of the petition and the objection to the testimony should have been sustained, it does not follow that the judgment should be set aside and a new trial awarded on account of the errors referred to. Neither in the exception to the pleading, the bill of exception to the evidence, the motion for a new trial, the assignments of error, nor the brief for appellant, is it contended that proof of the irrelevant fact referred to was calculated to improperly influence the jury by arousing sympathy for the plaintiffs or prejudice against the defendant. Nor does it seem probable that it had such effect. It was so utterly immaterial, and, in so far as disclosed by the record, of so slight importance to Claud Foster, as to render improbable the idea that it had any influence with the jury; and in so far as a failure to suggest such improper influence may operate as a concession of its nonexistence, appellant, as before stated, has made such concession. Under these circumstances we do not believe a new trial should be awarded on account of the errors referred to.

We have considered the various objections urged against the court's charge, and its action in refusing special instructions requested. No assignment of error is addressed to the special instruction given at request of the plaintiffs; and therefore the objections urged in appellant's brief against that instruction can not be considered. Considering the

court's charge in connection with the special instructions given at request of appellant, we think the law of the case was fully and fairly presented to the jury.

We have considered all the assignments presented in appellant's brief, and finding no reversible error, the judgment in each case will be affirmed.

*Affirmed.*

Writ of error refused.