## BUNTON v. TYLER.
### No. 3562.

Court of Civil Appeals of Texas. El Paso.
May 27, 1937.

Swearingen & Bledsoe, of Marfa, for appellant.

Mae M. Ament, of Alpine, for appellee.

WALTHALL, Justice.

On October 14, 1933, J. D. Bunton, C. E. Pruett, Arthur Tyler, and W. O. Ray, and in the order stated, executed and de- livered to the Marfa State Bank the promissory note on which this suit is brought; the note is for the sum of $700, payable sixty days after date, recites that makers of the note jointly or severally, for value, promise to pay the bank the sum of money stated with 10 per cent. interest per annum from its maturity, and costs of collection, including attorney's fees of 10 per cent. should same be placed in the hands of an attorney for collection, the note further reciting that. the makers and indorsers of the note agree that the date of maturity may be extended at the option of the holder at the request of any one of the makers.

Arthur Tyler, one of the makers of the note, as plaintiff, brought this suit on the note against J. D. Bunton and C. E. Pruett as defendants, and alleged in substance that he was only an accommodation maker of the note, had received no consideration therefor, that defendant J. D. Bunton was the principal maker of the note, that plaintiff signed the note at the request and for the accommodation of Bunton, that Bunton was primarily liable and received the benefits thereunder; that Pruett and Ray were accommodation makers of the note, and equally liable with plaintiff; and that Ray was deceased and his estate was insolvent; that, when the note became due, the payee, the Marfa State Bank, called upon the makers of the note for payment; that Bunton and Pruett failed and refused to pay the note or any part of it, and that plaintiff was compelled to pay the note, and did pay it, on May 12, 1934, and so notified Bunton.

Plaintiff alleges that by reason of the facts stated the note was transferred to him, and that he became the owner of the note and subrogated to the rights, remedies, and equities of the Marfa State Bank. Plaintiff alleges demand of Bunton and Pruett and refusal to pay, and prays judgment against each for the principal of the note, interest, costs, and attorney's fees.

Defendants Bunton and Pruett answered jointly and, in substance, pleaded: General demurrer, general denial, specially deny that plaintiff was merely an accommodation maker of the note; deny that Bunton was primarily liable on the note; deny that Pruett became jointly liable with plaintiff on Bunton's failure to pay the note; deny that they, or either of them, received any consideration in signing the note, and say they each signed the note as accommodation makers for plaintiff.

Defendants allege, in substance, that in 1929 or 1930 B. F. Gearhart and J. H. Coker were engaged in the meat market business at Marfa under a partnership agreement; that Gearhart purchased the interest of Coker in 1930; that in payment of the interest Gearhart and plaintiff executed to Coker their joint note in the sum of $700; that in due course, and before the maturity of the note, and for a valuable consideration, defendant Bunton became the legal owner and holder of the note, and that before its maturity Bunton transferred and assigned said note to The Marfa State Bank, and became liable on said note; that on maturity of the note, Gearhart not being able to pay, at the solicitation of plaintiff, and for plaintiff's accommodation, and to avoid suit on the note by the bank, on May 16, 1932, defendants, with plaintiff and Gearhart, executed a new note to the Marfa State Bank, and that, as between the makers of the note it was agreed that the new note was a renewal and extension of the Gearhart and plaintiff note; that neither of defendants received any consideration for signing the note, but signed the note as an accommodation to plaintiff and on his promise and assurance that defendants would not have to pay it.

Defendants allege that the note of May 16, 1932, and last described, was renewed at the Marfa State Bank from time to time. Some of the times the renewal notes were signed by plaintiff and some were not signed by plaintiff, for reason stated.

Defendants allege that, when plaintiff paid the note upon which this suit is brought, the note and all the renewal notes were delivered to plaintiff, and plaintiff is notified to produce the original and all renewal notes for use as evidence on the trial of this cause.

Defendants, by reason of the facts stated, disclaim any liability on the note sued on.

Plaintiff by supplemental petition excepted to parts of the answer, general denial, special denial that the Gearhart and plaintiff note, or the renewal notes, formed any part of the note sued on.

The court overruled defendants' motion to continue the case; overruled defendants' motion to quash jury panel; sustained plaintiff's motion to quash jury panel; overruled defendants' motion for a jury before which to try the case, or to postpone trial to a day when a jury could be had; overruled defendants' right to open and close the case on defendants' admission.

Plaintiff dismissed as to Pruett; judgment was entered in favor of plaintiff and against defendant Bunton for the sum of $700 principal on the note, $200.69 interest, and $90 attorneys' fee, to which defendant excepted and prosecutes this appeal.

## Opinion.

Appellant filed assignments of error, and based thereon presents a number of propositions. The assignments are found in appellant's brief.

Without discussing at length appellee's motion to strike appellant's brief, the motion is overruled.

From the view we take of some of appellant's propositions, after studying the entire record before us, we have concluded that the case must be reversed and remanded; some of the grounds presented as error will probably not recur on another trial, and we need not discuss them.

■ Appellant made a demand and request in writing that this cause be tried by a jury. The record shows that all of the prerequisites to the rights of a trial by a jury had been complied with by appellant, such as a demand for a jury and payment of the jury fee. Article 2123 et seq., R.C.S. 1925; Blair v. Paggi (Tex.Com.App.) 238 S.W. 639, and cases cited; Finnell v. Byrne (Tex.Civ.App.) 7 S.W.(2d) 139; Panhandle & S. F. Ry. Co. v. Lawless (Tex.Civ.App.) 94 S.W.(2d) 213.

■ The jury array had been quashed for cause, but appellant did not thereby waive his right to a trial by jury. Western U. T. Co. v. Everheart, 10 Tex.Civ.App. 468, 32 S.W. 90.

■ Plaintiff's suit is on a promissory note. The note imports a valid consideration, and the burden is upon the maker to prove a lack of consideration, and, in order to introduce such proof, the maker must by verified plea assert the want of consideration. Paragraph 10, article 2010, R.C.S.

■ Appellant filed such plea, to which appellee excepted and offered evidence in support thereof, which, if not met by evidence in support of the plea, would be sufficient to defeat the plea. Appellant tendered such evidence, which the trial court refused to admit.

The evidence offered by appellant was admissible, and presented an issue of fact on the matter pleaded. Appellee pleaded that the note sued upon was appellant's note, and that he had signed it at appellant's solicitation and purely as an accommodation to appellant, and that he had received no consideration for signing. Appellant pleaded that appellee was the real maker of the note and that he had signed it at the solicitation and for the accommodation of appellee, and that he had received no consideration for signing.

The evidence offered and the evidence tendered tended to show that the note sued upon was not the original note, but was a renewal note of other notes running back through a number of years.

The court was in error in excluding the evidence offered by appellant and in entering judgment solely upon the evidence admitted.

The case is reversed, and remanded.