ROSS v. COOK.

No. 11184.

Court of Civil Appeals of Texas. Galveston.

May 15, 1941.

Rehearing Denied June 12, 1941.

Albert J. DeLange, Frank A. Stamper, Robert P. Beman, Jr., and Emory T. Carl, all of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, of Houston (John H. Crooker, Jr., of Houston, of counsel), for appellee.

CODY, Justice.

This is a suit on a promissory note for the principal sum of $2,500 brought by appellee, who will hereinafter be referred to as plaintiff, against appellant, hereinafter referred to as defendant. The note was executed by defendant on August 25, 1937. The payee named in the note was Howard R. Millett. Plaintiff acquired the note for value and in good faith, but after its maturity, and was not a holder in due course.

Defendant pled by way of defense, in addition to a general demurrer, special exceptions, and a general denial, a sworn plea that: (1) There was an entire want of consideration for the note; (2) the consideration therefor had completely failed; and (3) that the note was procured by fraud and misrepresentation of the payee named in said note, and his associate, and that the consideration therefor was illegal, as the note was given for shares of stock in a corporation to be thereafter organized.

Defendant also pled that plaintiff was not a holder in due course.

The facts testified to by defendant as establishing his defense to the note were that the only consideration for the note was the promise by the payee, named in the note sued on, to issue to defendant shares of stock in a corporation to be organized as a hunting club to be conducted at Uvalde, Texas, which were never in fact issued to defendant.

Upon the trial of the case plaintiff proved by defendant, but over defendant's objection, that he, defendant, had on May 26, 1937, some 90 days prior to the date of the note sued on, executed and delivered a note made payable to one Powell, but for the aforesaid Millett, being for the principal sum of $1,000. Defendant testified that this $1,000 note was given to Millett in order to promote an association to engage in the automobile wrecker business. It appears from the record that, before defendant interposed the objection referred to, he had testified without objection that he had given Millett another note prior to the note sued on, and further testified without objection that he did not think that such prior note was due at the time he gave the

note sued on. It appears also from the record that defendant testified that when he gave the $2,500 note to Millett, here sued on, he had known him but two months. Plaintiff introduced in evidence the $1,000 note from which the jury could infer that defendant had known Millett at least three months. Defendant further testified that he still trusted Millett at the time he gave the note sued on, because, so he testified, the automobile wrecker association was then still functioning; and defendant in contradiction to such testimony then testified that the reason he trusted Millett at the time he gave the note sued on was because he, Millett, had told him that the automobile wrecker business had been called off, and that he (Millett) had torn up the $1,000 note.

It further appears from the record that plaintiff proved upon the testimony of defendant, but over defendant's objection, that defendant on September 4, 1937, executed and delivered to Millett another note payable to Millett for the principal sum of $2,500. But the record shows that defendant testified that Millett had approached him in only one or two transactions, one the automobile wrecker service, and the other the hunting and fishing club, but the note of September 4, 1937, was evidence of yet another transaction between Millett and defendant. Defendant further testified that he had looked for Millett and associate for two or three days after he had given the note sued on, but that they had skipped town. The note of September 4, 1937, will support an inference, indeed it seems conclusive proof, that defendant was in error when he testified that he saw Millett no more after two or three days following the date of the note of August 25, 1937, and could not get in touch with him or his associate. But the manager of the hotel at which Millett's associate, one Cook (but not related in anyway to plaintiff), in contradiction to defendant's testimony to the effect he could not get in touch with Millett, testified that Cook had not skipped out but had stayed at the hotel continuously for eleven months thereafter.

At the conclusion of the evidence defendant requested an instructed verdict in his favor. Upon the refusal of the court to grant him an instructed verdict, defendant requested the submission of certain special issues, and objected to the submission of other special issues, as will hereinafter more particularly appear.

The jury found in substance that the sole consideration for the note of defendant, dated August 25, 1937, the note sued on, was not the promise of Millett and George H. Cook (not plaintiff Cook) to give the defendant certain stock in a corporation to be organized to operate a hunting club near Uvalde; and found further that defendant Ross did not fail to receive the consideration promised him for the note sued on.

The court rendered judgment for plaintiff and against defendant on the note sued on, and defendant has appealed, and here seeks reversal of the judgment on the following points, the substance of which only we give:

1. That it was error for the court, over defendant's objection, to admit in evidence two notes executed by defendant other than the note sued on, together with evidence in connection with said two notes, where defendant's defense against the note sued on was (a) want of consideration, (b) failure of consideration, (c) fraud and misrepresentation in the procurement of the note sued on.

2. That the court should, under the proof and pleadings in this case, have instructed a verdict for defendant, and, having refused to instruct for defendant, should have submitted affirmatively the issue of want of consideration pled as a defense.

3. That the court should have submitted this issue to the jury, there being evidence and pleading to raise the same: "Do you find from a preponderance of the evidence that the note of 8/25/37 for $2500.00, payable to Howard Millett was obtained by the false representations of Howard Millett and George Cook?"

4. That the court should have submitted this issue requested by the defendant, there being evidence and pleading to raise the same: "Do you find from a preponderance of the evidence that the consideration, if any, promised to J. B. Ross for execution of the note dated 8/25/37 for $2500.00, payable to Howard R. Millett, failed afterwards?"

5. That the court erred in giving special issue No. 1, it being a comment on the weight of the evidence, and assumes that there was some consideration for the note sued on, and further, the issue is unduly restrictive, and placed an undue burden on defendant by the use of the word "sole", the issue being: "Do you find from a preponderance of the evidence that the sole consideration for the note of J. B. Ross, dated August 25, 1937, was the promise, if any there was, of Howard R. Millett and George H. Cook, to give to defendant, J. B.

Ross, certain stock in a corporation to be formed to operate a hunting club near Uvalde?"

6. That the court erred in submitting special issue No. 4 because said issue is in reality one of want of consideration, and improperly places the burden of proof on defendant, reading as follows: "Do you find from a preponderance of the evidence that the defendant, J. B. Ross, failed to receive the consideration, if any, promised him for the note bearing date August 25, 1937, in the principal sum of $2500.00 payable to the order of Howard R. Millett?"

We must overrule the defendant's assignments of error, the substance of which we have set out above as defendant's point one, relating to the claim that admission of two other notes executed by defendant and not the subject matter of this suit constituted reversible error. The note herein sued on purports to have been given by defendant "for value received". When plaintiff introduced the note in evidence, he thereby made out a prima facie case. The sworn plea interposed by defendant that no consideration was given for the note did not shift the burden of proof. Newton v. Newton, 77 Tex. 508, 14 S.W. 157, 158, wherein it was said: "The note imported a consideration, and the burden was upon the defendants to show that there was none. The effect of the sworn plea was not to shift the burden of proof, but merely to put the consideration in issue". When the note was introduced in evidence by plaintiff the burden was on defendant to show there was no consideration, notwithstanding the consideration had been impeached by a sworn pleading, and not upon plaintiff to prove consideration. Brown v. Weir, Tex.Civ. App., 293 S.W. 916; Bunton v. Tyler, Tex. Civ.App., 106 S.W.2d 725; Meier v. Service Corporation, Tex.Civ.App., 129 S.W.2d 690; Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S.W.2d 67. In support of his plea of no consideration for the note sued on, defendant testified that he was to receive shares of stock and membership in a hunting club that Millett and one Cook (not plaintiff Cook) were to organize to be conducted near Uvalde, and that he never received same. Plaintiff had the undoubted right to question defendant, who was a hostile witness, closely as to the properties which were to be owned by the club and as to the nature of its corporate structure. As defendant claimed that he had been swindled out of the note in question, plaintiff certainly had the right to inquire into the relationship between defendant and the payee who he claimed had swindled him out of such note. Ordinarily swindlers choose the innocent and ignorant to victimize. The proof here disclosed, however, that defendant was a lawyer of twenty years' standing. In such a case as this, that is where a lawyer and experienced business man claims to have been swindled in a transaction, and therefore not liable for a note given in connection therewith, we can perceive no reason why the one claiming to have been swindled should not be subjected to inquiries as to prior transactions had with him whom he claims to have been swindled by. Without knowing the prior relationship between defendant and Millett, and whether there had been any prior transactions between them, and the nature of these transactions, the jury could not intelligently pass on what reason defendant had to be so confiding as he testified that he had been, and so defrauded. The only test open to plaintiff by which to test the credibility of defendant's defense against the note sued on was the reasonableness of such defense. In Panhandle Construction Co. v. City of Spearman, Tex.Civ.App., 89 S.W.2d 1053, 1056, it was held "It is also held that evidence as to prior transactions and conversations between parties is admissible where it tends to illustrate the transaction in question, or where the question of intent or knowledge is material." The objection urged by defendant against the admission of the prior note transaction, that same was irrelevant and prejudicial, cannot be sustained. Such prior transaction is calculated to throw light on whether in the subsequent transaction the payee in the note intended to swindle the maker. Nor are we able to see how the admission of such evidence could be prejudicial to defendant. This presents no such situation as is presented in Stowe v. Wooten, Tex.Com.App., 62 S.W.2d 67, where a plaintiff attempted to prove fraudulent misrepresentation by showing that defendant made similar representations to others to whom he was selling similar property. It is highly prejudicial, of course, to prove against a man that he had swindled others on other occasions, and proof that he made misrepresentations to other persons at other times cannot prove that he made similar representations at another time to another person. But if or after it were admitted or proven that a defendant had made the representations which a plaintiff charged him with making,

and the question for determination was his motive and intent in so making them, then, under the very authority cited by defendant, the Wooten case, the prior transactions would be admissible in evidence. Here it is admitted that defendant made the notes of August 25th and of May 26th of 1937. The inquiry is what was his purpose in making the note of August 25, 1937. Even under the Wooten case, relied on by defendant, the prior note transaction may be resorted to to illustrate defendant's purpose in making the later note. It is true that defendant testified that he gave the note sued on to Millett and associate for the purpose of receiving stock in a hunting club. But defendant's testimony as to the purpose which he had in mind in delivering to Millett said note is not conclusive on plaintiff. The purpose of defendant in delivering said note is an issue in the case. We think the evidence relating to the prior note transaction was not irrelevant, but tended to illustrate the intent of the parties to the second note transaction. But if we are wrong as to the materiality of such evidence we fail to see any basis for considering it prejudicial.

■ The evidence relative to the note of September 4, 1937, is admissible, of course, on still another ground, namely, as illustrating the accuracy of defendant's memory. For it proves, contrary to his testimony, that defendant was dealing with Millett, not merely a day or two or three after August 25, 1937.

■■ Defendant was not entitled to an instructed verdict. As already indicated, plaintiff made out a prima facie case by proving up the execution of the note sued on. Defendant had the burden of establishing his plea of want of consideration. It is not pretended that there was any evidence, except the testimony of defendant, that tended to establish such plea of want of consideration. It is elementary that, in such case, the jury must pass upon the credibility of such testimony, and the court cannot instruct a verdict.

■ It is of course well settled that a defendant has the right, where a case is submitted on special issues, to an affirmative submission of issues constituting his defense. But where, as in this case, the defense is that defendant gave Millett his note for $2,500, and was to receive shares of stock and membership in a hunting club to be organized, the defendant would not be entitled to have such defense submitted to the jury three different times merely because in his pleadings defendant had pled such defense as constituting want of consideration for the note, and had pled such defense again as constituting failure of consideration, and had pled such defense again as constituting fraud and misrepresentation in the procurement of the note. Texas & N. O. R. Co. v. Neill, 128 Tex. 580, 100 S.W.2d 348. Indeed it would have been error for the court to submit the same fact issue to the jury three times, even if, as a matter of law, a favorable answer would sustain three different legal defenses. For the question of whether a single state of facts constitutes a defense good in law, or three different defenses good in law, is a question of law for the court, and not one of fact to be submitted to the jury. The question therefore is whether the court affirmatively submitted to the jury the defendant's defensive issue or issues.

Special issue No. 4, submitted to the jury, reads: "Do you find from a preponderance of the evidence that the defendant, J. B. Ross, failed to receive the consideration, if any, promised him for the note * * *".

It was the defendant's testimony that he was to receive shares of stock and a membership in a hunting club to be organized, as the consideration for the note, and that he failed to receive such consideration. That defense he urged as the factual basis for his plea of want of consideration, of failure of consideration, and of fraud and misrepresentation. Special issue No. 4 presented such defense fully. It is not necessary to pass therefore on whether special issue No. 1 fully presented defendant's issue affirmatively to the jury. We therefore overrule defendant's various assignments of error complaining of the court's refusal to submit special issues requested by defendant, and complaining that the special issues submitted by the court were erroneous.

Finding no error in the record, the judgment of the trial court should be affirmed, and it is so ordered.

MONTEITH, C. J., having disqualified himself in this case, did not sit.

Affirmed, MONTEITH, C. J., not sitting.