**DECOR DIMENSIONALS, INC., Appellant,**

v.

**Kenneth C. SMITH, Appellee.**

**No. 18056.**

Court of Civil Appeals of Texas, Dallas.

April 19, 1973.

James E. Day, Jr., Freedman, Day & Ivy, Dallas, for appellant.

Warren C. Lyon, Dallas, for appellee.

BATEMAN, Justice.

Appellee Kenneth C. Smith recovered a summary judgment against appellant Decor Dimensionals, Inc. on a promissory note. We reverse.

■ Appellant's first point of error on appeal attacks the summary judgment on the ground that appellee failed to produce

either the original or a sworn or certified copy of the note showing that Smith was the owner or holder. We sustain this point on the authority of Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540 (Tex.Sup.1971); Perkins v. Crittenden, 462 S.W.2d 565 (Tex.Sup.1970); Estes v. Bank of Commerce, 478 S.W.2d 558 (Tex. Civ.App., Eastland 1972, no writ), and many other cases.

A copy of a note was attached to Smith's petition but it was not sworn to or certified. No copy of the note was attached to the motion for summary judgment. The only affidavit attached to the petition was that of Smith's attorney, and it does not even mention the note. It is in the form of affidavit to support a suit on sworn account as provided in Rule 185.*

Even if the attorney's affidavit had contained averments to prove the note and its ownership, it is not shown that the affidavit was made on personal knowledge, or that the attorney was competent to testify to the matters stated therein, as required by subdivision (e) of Rule 166–A.

■ Rule 14 provides that whenever it may be necessary or proper for a party to make an affidavit it may be made by his agent or his attorney, but this does not relieve the party of the necessity of making the showing required by Rule 166–A(e) in a summary judgment proceeding. The two rules are not in conflict. Rule 14 merely authorizes in general terms the making of affidavits by attorneys or agents, while Rule 166–A(e) makes certain specific requirements of affidavits offered as summary judgment evidence, and these apply to affidavits made by attorneys and agents as well as to those made by litigants and others. Moreover, Rule 14 does not authorize or dignify an affidavit obviously based on hearsay.

By its Points of Error 2 through 6 appellant says that issues of fact were raised by its verified answer which denied that

---

\* All rules mentioned in the opinion are Texas Rules of Civil Procedure.

the note was executed by it or by its authority; and also alleged that there was no consideration for the note, that the note was procured by fraud, and that the note had been altered. Points 2 and 5, relating to the plea of *non est factum*, are sustained.

 The burden of proving the existence of a note signed by appellant was on appellee. However, Rule 93(h) provides that a plea of *non est factum* shall be "verified by affidavit" and that "In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved." Conversely, the presence of such a sworn plea reinstates the burden of the party relying on the instrument to prove its execution. Therefore, it was necessary for appellee to offer summary judgment proof that the note had been executed ·by appellant or by its authority. Toliver v. Bergmann, 297 S.W.2d 208, 209 (Tex.Civ. App., San Antonio 1956, no writ). He did not do so, and for that additional reason the summary judgment in his favor must be reversed.

The opposite result is reached, however, with respect to the defense of lack of consideration, this because of the rule that a written contract is presumed to be on sufficient consideration until it otherwise appears. As said by Mr. Justice Gaines in Newton v. Newton, 77 Tex. 508, 14 S.W. 157, 158 (1890):

> "The note imported a consideration, and the burden was upon the defendants to show that there was none. *The effect of the sworn plea was not to shift the burden of proof, but merely to put the consideration in issue.*" (Italics ours.)

See also Fender v. Farr, 262 S.W.2d 539, 542 (Tex.Civ.App., Texarkana 1953, no writ); 23 Tex.Jur.2d, Evidence, § 83, p. 127; Lewis v. Ada Employees Credit Union, 383 S.W.2d 864, 865 (Tex.Civ.App., Houston 1964, writ ref'd n.r.e.); Ross v. Cook, 151 S.W.2d 854, 857 (Tex.Civ.App., Galveston 1941, writ ref'd w.m.), and

Kothmann v. Southwest Co., 92 S.W.2d 272, 277 (Tex.Civ.App., San Antonio 1936, writ dism'd).

By the same token, the maker of a note cannot, by simply pleading fraud and alteration, even by sworn pleading, place the payee or other holder under the burden of proving the absence of fraud or that no alteration of the note had taken place. These are affirmative defenses which Rule 94 requires the maker to plead specifically. Therefore, the burden rested upon appellant to offer summary judgment evidence to prove the various elements thereof. See Reed v. Buck, 370 S.W.2d 867, 874 (Tex. Sup.1963). It did not carry that burden. Its Points of Error 3, 4 and 6 are therefore overruled.

For the reasons given, the judgment is reversed and remanded for trial.

Reversed and remanded.